IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN SPENCER,

        Plaintiff,            CV F 06 0291 AWI WMW P

   vs.                            ORDER TO SHOW CAUSE

A. K. SCRIBNER,

        Defendant.

     Plaintiff is a state prisoner proceeding pro se in this civil action against Defendant A.K. Scribner, Warden of Corcoran State Prison. Plaintiff is incarcerated at Corcoran State Prison, and brings this action on the ground that Defendant has not provided him with DNA test results in the case of *People v. Spencer*, Case No. 00F05932. This action was filed in the Sacramento Division and transferred to this Court. On November 20, 2006, an order was entered, finding that the complaint stated a claim for relief and directing service of process.

     On July 5, 2007, Defendant filed a motion for corrective screening. Defendant notes, correctly, that the underlying action appears to be a habeas corpus action, not a civil rights action. The pleading on which this action proceeds is a petition for writ of mandate. Plaintiff appears to challenge the decision regarding his DNA sample on the grounds of the Freedom of Information Act and the Administrative Procedures Act.

Plaintiff is seeking records from the California Department of Corrections and Rehabilitation, which is a state agency.  The Freedom of Information Act applies only to agencies defined as "each authority of the Government of the United States . . .," and is not applicable to the California Department of Corrections and Rehabilitation, a state agency.  5 U.S.C. § 551(1); St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369 (9th Cir. 1981)(FOIA and Privacy Act not applicable to state agencies or bodies); Kerr v. United States Dist. Court for N. Dist. Of California, 511 F.2d 192, 197 (9th Cir. 1975)(FOIA is limited to United States government authorities).  Therefore, any attempt by Plaintiff to amend his complaint to include a FOIA claim against the Department of Corrections and Rehabilitation would be futile.

The Administrative Procedures Act  provides a right of action against agencies and officers of the United States to persons adversely affected or aggrieved by agency actions.  5 U.S.C. § 702.   There are no allegations that any agency of officer of the United States engaged in agency action within the meaning of the APA.  Plaintiff is challenging conduct of state officials regarding his underlying criminal conviction.

Plaintiff has filed a response to Defendant's motion.  Defendant also filed a request to withdraw his response.  Plaintiff requests that this action be construed as a habeas corpus action, as he has paid the filing fee for this action.

Plaintiff was liable for the filing fee upon the filing of this action.  There is no statutory authority for the refund of a filing fee on the ground that an action is dismissed, or filed under an inappropriate statutory ground.

Plaintiff appears to be seeking information that relates to his underlying criminal conviction.  Though the petition for writ of mandate seeks to compel Defendant to provide Plaintiff with the results of his DNA test, Plaintiff, in his most recent motion, requests that this action be construed as a petition for writ of habeas corpus.  Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure

to exhaust, rather than converting it to a habeas and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

      Should Plaintiff desire to proceed in a petition for writ of habeas corpus, he should file a separate action.   As to Plaintiff's APA and FOIA claims, Plaintiff fails to state a claim for relief. Accordingly, IT IS HEREBY ORDERED that Plaintiff shall show cause, within thirty days, why this action should not be dismissed without prejudice to the filing of a petition  for writ of habeas corpus.

IT IS SO ORDERED.

**Dated:   January 7, 2008**           /s/  **William M. Wunderlich**
                                              UNITED STATES MAGISTRATE JUDGE