IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THURMAN SPENCER,

      Plaintiff,             CV F 06 0291 AWI WMW PC

   vs.                        FINDINGS AND RECOMMENDATION

A. K. SCRIBNER, et al.,

      Defendants.

    On January 27, 2008, an order to show cause was entered, directing Plaintiff to show cause why this action should not be dismissed without prejudice to the filing of a petition for writ of habeas corpus. Plaintiff sought a stay of this action. On January 30, 2008, an order was entered, denying Plaintiff's request for a stay.

    The request for a stay was denied on the ground that the complaint did not fail for want of additional factual information. Plaintiff sought a stay on the ground that he does not have access to his legal property. The order to show cause noted that Plaintiff is challenging the conduct of state officials regarding his underlying criminal conviction. The order to show cause advised Plaintiff that this action should be dismissed without prejudice to the filing of an application for writ of habeas corpus.

    On January 31, 2008, filed a supplement to his motion for a stay. In this document,

1  Plaintiff contends that prison officials are placing him in danger.  Plaintiff has been assigned a
2  cellmate.  Plaintiff contends that this assignment prevents him from litigating this action.
3  Plaintiff also contends that he does not have access to an inmate assistant.
4  　　　The law on this matter is clear.  Where the complaint states a habeas claim instead of a §
5  1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather
6  than converting it to a habeas and addressing it on the merits.  See Blueford v.Prunty, 108 F.3d
7  251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).  Such
8  a dismissal does not prevent Plaintiff from filing an application for a writ of habeas corpus.
9  Plaintiff's complaint challenges the conduct of state officials in relation to Plaintiff's underlying
10 criminal conviction.  This action should therefore be dismissed without prejudice to the filing of
11 an application for writ of habeas corpus.
12 　　　Accordingly, IT IS HEREBY RECOMMENDED that this action be dismissed without
13 prejudice to Plaintiff's ability to file an application for writ of habeas corpus.
14 　　　These findings and recommendations are submitted to the United States District Judge
15 assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within thirty days
16 after being served with these findings and recommendations, any party may file written
17 objections with the court and serve a copy on all parties.  Such a document should be captioned
18 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
19 shall be served and filed within ten days after service of the objections.   The parties are advised
20 that failure to file objections within the specified time waives all objections to the judge's
21 findings of fact.  See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998).  Failure to file
22 objections within the specified time may waive the right to appeal the District Court's order.
23 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
24
25
26

1  IT IS SO ORDERED.

2  **Dated:**   **March 6, 2008**              /s/  **William M. Wunderlich**
                                        UNITED STATES MAGISTRATE JUDGE