IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THURMAN SPENCER, | 1: 06 CV 0291 AWI WMW PC |
| Plaintiff, | ORDER DISMISSING ACTION |
| vs. | |
| A. K. SCRIBNER, | |
| Defendant. | |

      Plaintiff is a state prisoner proceeding pro se in this civil rights action. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302.

      Plaintiff is a state prisoner proceeding pro se in this civil action against Defendant A.K. Scribner, Warden of Corcoran State Prison. Plaintiff is incarcerated at Corcoran State Prison, and brings this action on the ground that Defendant has not provided him with DNA test results in the case of *People v. Spencer*, Case No. 00F05932. This action was filed in the Sacramento Division and transferred to this Court. On November 20, 2006, an order was entered, finding that the complaint stated a claim for relief and directing service of process.

      On July 5, 2007, Defendant filed a motion for corrective screening. Defendant noted, correctly, that the underlying action appeared to be a habeas corpus action, not a civil rights

action. The pleading on which this action proceeds is a petition for writ of mandate. Plaintiff appeared to challenge the decision regarding his DNA sample on the grounds of the Freedom of Information Act and the Administrative Procedures Act.

Plaintiff sought records from the California Department of Corrections and Rehabilitation, which is a state agency. The Freedom of Information Act applies only to agencies defined as "each authority of the Government of the United States . . .," and is not applicable to the California Department of Corrections and Rehabilitation, a state agency. 5 U.S.C. § 551(1); St. Michael's Convalescent Hosp. v. State of California, 643 F.2d 1369 (9th Cir. 1981)(FOIA and Privacy Act not applicable to state agencies or bodies); Kerr v. United States Dist. Court for N. Dist. Of California, 511 F.2d 192, 197 (9th Cir. 1975)(FOIA is limited to United States government authorities). Therefore, any attempt by Plaintiff to amend his complaint to include a FOIA claim against the Department of Corrections and Rehabilitation would be futile.

The Administrative Procedures Act provides a right of action against agencies and officers of the United States to persons adversely affected or aggrieved by agency actions. 5 U.S.C. § 702. There are no allegations that any agency of officer of the United States engaged in agency action within the meaning of the APA. Plaintiff is challenging conduct of state officials regarding his underlying criminal conviction.

Plaintiff filed a response to Defendant's motion. Defendant also filed a request to withdraw his response. Plaintiff requested that this action be construed as a habeas corpus action, as he has paid the filing fee for this action.

Plaintiff was advised that he was liable for the filing fee upon the filing of this action. There is no statutory authority for the refund of a filing fee on the ground that an action is dismissed, or filed under an inappropriate statutory ground. Plaintiff appeared to be seeking information that related to his underlying criminal conviction. Though the petition for writ of mandate sought to compel Defendant to provide Plaintiff with the results of his DNA test,

Plaintiff requested that this action be construed as a petition for writ of habeas corpus. Where the complaint states a habeas claim instead of a § 1983 claim, the court should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas and addressing it on the merits. See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v. City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

Plaintiff was advised that, should he desire to proceed in a petition for writ of habeas corpus, he should file a separate action. Plaintiff was also advised that, as to his APA and FOIA claims, Plaintiff failed to state a claim for relief. Accordingly, on January 7, 2008, Plaintiff was directed to show cause why this action should not be dismissed without prejudice to the filing of a petitio for writ of habeas corpus. On January 17, 2008, Plaintiff filed a motion to stay this action, which was denied by order of January 30, 2008.

Plaintiff did not file a response to the order to show cause, and on March 6, 2008, findings and recommendations were entered, recommending dismissal of this action without prejudice to the filing for an application for a writ of habeas corpus. On March 10, 2008, Plaintiff filed a response to the order to show cause. On March 31, 2008, Plaintiff filed a motion for extension of time in which to file objections to the findings and recommendations. On April 8, 2008, an order was entered, granting Plaintiff an extension of time to file objections to the findings and recommendations. On April 14, 2008, Plaintiff filed objections.

On April 17, 2008, an order was entered, vacating the recommendation of dismissal, and granting Plaintiff thirty days in which to file a response to the order to show cause. On May 5, 2008, Plaintiff filed a re-submission of his response to the order to show cause. In his response to the order to show cause, Plaintiff correctly notes that this action was filed as a petition for writ of mandate, and construed as a civil rights action. Plaintiff contends that, therefore, he is entitled to a refund of $245 of the $250 filing fee imposed as a result of his petition being construed as a civil rights action. Though Plaintiff does not show cause why this action should not be

dismissed without prejudice the filing of an application for a writ of habeas corpus, he does correctly note that he filed this action as a petition for writ of mandate, and is therefore liable for a filing fee of $5.  By separate order, the court will direct the Clerk of Court to issue a $245 refund of Plaintiff's filing fee.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed without prejudice to the filing of an application for a writ of habeas corpus.
2. Plaintiff's request for the partial refund of his filing fee is granted.  By separate order, the Clerk of Court will be directed to refund $245 of the filing fee.
3. The Clerk is directed to close this case.

IT IS SO ORDERED.

**Dated:   December 15, 2008**             /s/ Anthony W. Ishii
                                         CHIEF UNITED STATES DISTRICT JUDGE